# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JORDAN ALTABET, | |
| Plaintiff(s), | 2:09-cv-2164-RLH-PAL |
| vs. | **O R D E R**<br>(Motion to Dismiss–#12) |
| CLEANTECH BIOFUELS, INC.;<br>and EDWARD HENNESSEY, | |
| Defendant(s). | |

Before the Court is Defendants' **Motion to Dismiss for Failure to State a Claim, Lack of Personal Jurisdiction and Improper Venue or in the Alternative to Transfer Venue** (#12, filed February 22, 2010). Plaintiff filed his Opposition (#15) on March 8, 2010. Defendants filed their Reply (#18) on March 18, 2010.

The Motion will be granted for the reasons and as described below.

## BACKGROUND

Plaintiff, a local attorney, brings this action claiming a number of state causes of action (Breach of Contract, Breach of Contract-Failure to Satisfy Condition Precedent, Breach of Good Faith and Fair Dealing, Negligent Misrepresentations, Fraud, Securities Violations of NRS 90.570, Unjust Enrichment, and Vicarious Liability) and one federal cause of action (Sixth Cause of Action: Securities Fraud Under Section 10(b).

Plaintiff alleges that he had telephonic discussions with Defendants regarding the purchase of stock, that a confidentiality agreement was entered into to permit such discussions, that

Defendants orally agreed to sell him stock, but never responded to his email requesting documentation so they could consummate the contract of sale, and never sold him the stock. He further alleges that Defendants had a secret intent not to sell him the stock, but to only bind him to buy the stock, which they would enforce if the value went down, but free them to sell the stock elsewhere if the value of the stock went up. No evidence is alleged of this secret intent except the conclusion drawn from the failure to enter into a formal agreement to sell the stock, or to actually sell the stock.

Defendants move to dismiss the Sixth Cause of Action (Securities Fraud Under Section 10(b)) for failure to state a claim upon which relief can be granted, thus destroying federal jurisdiction. They also move to dismiss for lack of personal jurisdiction, based upon insufficient contacts with Nevada.

## DISCUSSION

### I. THE COURT IS NOT CONSIDERING THIS A MOTION FOR SUMMARY JUDGMENT

It his opposition, Plaintiff attempts to convert this motion to dismiss into a motion for summary judgment, and then arguing that it should not be granted because there are outstanding issues of material facts. He argues that Defendants are doing so by submitting affidavits. However, the affidavits are only those of Defendants dealing with their contacts (or lack thereof) with Nevada. Furthermore, if Plaintiff wants to convert this motion into a motion for summary judgment, he has failed to adequately respond to a motion for summary judgment.

Federal Rule of Civil Procedure 56(e) clearly requires that when faced with a motion for summary judgments with affidavits, the responding party must provide opposing affidavits made on personal knowledge, which set out facts that would be admissible in evidence, and not merely rely on allegations or denials in its pleadings. Plaintiff, although saying there was such evidence, made no effort to produce it or to ask for additional time to provide affidavits as required by the Rule. Thus, if the Court considered this a motion for summary judgment, Plaintiff's opposition would be inadequate and fail.

////

1   The Court will address the motion for what it is, a motion to dismiss.

2   II. MOTION TO DISMISS THE SIXTH CAUSE OF ACTION (Securities Fraud-§10(b))

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While a pleading generally need not contain detailed allegations, it must allege sufficient facts to raise a right to relief above the speculative level. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).) Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. At 1949 (internal citations omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the court must accept as true all factual allegations in the complaint. *Id*. at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id*. At 1950; *Warren W. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements also do not suffice. *Iqbal*, 129 S. Ct. 15 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." Id. at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's

3

complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Federal Rule of Civil Procedure 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Rule 9(c) requires that when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides, in pertinent part:

> (b) Requirements for securities fraud actions . . . the complaint shall specify **each statement alleged to have been misleading**, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state **with particularity all facts on which that belief is formed**. (2) Required state of mind. In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint **shall**, with respect to each act or omissions alleged to violate this chapter, **state with particularity facts giving rise to a *strong inference* that the defendant acted with the required state of mind.**

15 U.S.C. §78u-4(b)(2) (emphasis added).

Here, Plaintiff has made only conclusory leaps to form another conclusion.

Plaintiff argues that a confidentiality agreement was entered into as an inducement for Plaintiff to purchase shares of CleanTech and to induce Altabet to purchase said shares. The argument is misplaced. The confidentiality agreement merely permitted the parties to discuss the reasons Plaintiff might want to buy, or Defendants sell, the shares in question. While the discussions may have whetted Plaintiff's appetite, the agreement itself is not an inducement to purchase. Furthermore, Plaintiff did not purchase the shares of stock.

Plaintiff asserts that his unanswered email to Defendants, purportedly describing the terms of an agreement, is proof an agreement to buy the shares existed. While it may be proof of an offer to buy shares, it is insufficient proof that there was an actual meeting of the minds. The admitted failure to respond to the email is more compelling proof that there was no meeting of the minds.

////

Plaintiff contends that the failure to respond to his email, or to sell him the shares, creates a "presumption" that Defendants had a "secret intent" to deceive, manipulate or defraud. The basis for this so-called presumption is the conclusion that by refusing to sell him the shares, Defendants were able to hold him hostage so that if the price fell they could force him to buy as agreed, but which left them free, if the price rose, to sell the shares elsewhere. No such presumptions exist. Without an enforceable agreement for Plaintiff to buy the shares, Plaintiff is not held hostage and Defendants are unable to force him to buy, any more than he can force them to sell. The only legitimate presumption is that Plaintiff is trying to enforce a purchase agreement, and on his terms, although there is not sufficient evidence presented that an agreement to sell/buy the shares existed. There was obviously a discussion about it, but no evidence of an agreement.

Plaintiff has not presented any evidence of the terms of such an agreement, other than an allegation of the purchase price and the representation that documents would be sent to accomplish the sale as represented in an email from Plaintiff to Defendants which went unanswered or even acknowledged. Under these circumstances, the Court cannot accept Plaintiff's argument that Defendants' failure to object to or reject his email constitutes an acceptance. That contradicts Plaintiff's claim that the agreement was made orally before the sending of the email.

Finally, the assertions made are far from a sufficient statement of facts to establish a "strong inference" of the required state of mind to allege the requisite scienter for Securities Fraud under Section 10(b). The factual allegations of the Sixth Cause of Action only establish that in February 2008 Plaintiff and Defendant Hennessey engaged in discussions pursuant to a confidentiality agreement, that Plaintiff claims an oral contract was agreed to, that Plaintiff sent an email to Hennessey claiming to document the contract and promising action upon receipt of the necessary purchase documents, that no purchase and sale documents were ever sent, nor was any purchase consummated nor payment made for any shares. Also, there were no other promises to sell made other than those alleged in the original discussions.

////

Plaintiff is attempting to parlay a failure to sell securities into the fraudulent sale of securities. The first does not rise to the second. As Plaintiff has stated, to prove a 10(b) claim, a plaintiff must demonstrate (1) a material misrepresentation or omission of fact. (The only alleged misrepresentation is the promise to sell. This is not a case where the seller has misrepresented a fact about the securities themselves.); (2) scienter (Plaintiff's only claim to an evil motive is a fallacious claim that Defendants promised to sell, then did not, in order to bind him to buy if the price dropped. This is a conclusion without basis.); (3) a connection with the purchase or sale of security (There was no sale or purchase of a security, only talk of it.); (4) transaction and loss causation (There was no transaction. There is no loss caused by the transaction.); and (5) economic loss (No specific economic loss has been alleged. No evidence of whether the value of the stock went up has been alleged. Any economic loss is purely speculative). *Cf. Tellabs, Inc. v. Makor Issues Rights, Ltd.*, 127 S.Ct. 2499, 2504 (2007).

Those factual allegations are not specific enough to satisfy Rule 9, 15 U.S.C. §78u-4(b)(2), or *Twombly* and *Iqbal*, and the Sixth Cause of Action will be dismissed for failure to state a claim upon which relief can be granted.

With the only cause of action which raises a federal question being dismissed, the Court declines to exercise jurisdiction over the remaining state claims and they will be dismissed without prejudice.

III. JURISDICTION OVER DEFENDANTS

The Court will dismiss this case because of lack of jurisdiction over the Defendants. In doing so the Court will first address and distinguish a prior decision by this Court to which Plaintiff makes reference in footnote 4, page 19, of his Opposition. That case is *Anahauc Management v. Keith Mazer, et al.*, Case No: 2:09-cv-1590-RLH-PAL. That case, curiously enough, also involved the sale of Cleantech Biofuels, Inc. securities. But the facts are different and the contacts with Nevada more significant. There, the defendant Keith Mazer, acting for World Capital Funding, contacted a person in Nevada for the purpose of soliciting his participation in an investment. That

person was not interested, but referred Mazer to another person, whom Mazer called. That person had previously met Mazer. They had discussions, the documents were prepared by the defendant, sent to Las Vegas, the documents were signed, with instructions on where to send the securities, and the securities purchased. Unfortunately, the securities were never delivered. In addition, there was evidence that Mazer had been, within the last 10 years, the managing partner of two Limited Liability Companies headquartered in Nevada. Even with that, the motion to dismiss was denied without prejudice if facts were developed which contradicted that evidence. Thus, the circumstances in that case are vastly different from those presented here.

Here, the only contact with Nevada is one or two telephonic discussions apparently initiated by Plaintiff, and a confidentiality agreement sent to facilitate and authorize the telephonic discussions. There is no evidence of a general solicitation in Nevada for the sale of the stock. Other than the confidentiality agreement, no other documents were sent to, signed within, or sent from Nevada. No buy-sell documents were ever sent here. No money was ever sent from Nevada. No purchase of the shares was ever made.

The Court finds it helpful and expeditious to quote a length from the recent case of *Boschetto v. Hansing*, 539 F.3d 1011, 1016-17 (9th Cir. 2008):

> **We apply a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate:**
>
> **(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;**
>
> **(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and**
>
> **(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.**
>
> *Id*. at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden on the first two prongs. *Id*. If the plaintiff establishes both prongs one and two, the defendant must come forward with a "compelling

case" that the exercise of jurisdiction would not be reasonable. *Id.* (quoting *Burger King Corp. V. Rudzewicz,* 471 U.S. 462, 476-78 (1985)). But if the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir.2006) ("[Plaintiff's] arguments fail under the first prong. Accordingly, we need not address [the remaining two prongs].").

For part one of this three-part test, we have typically analyzed cases that sound primarily in contract-as Boschetto's case does-under a "purposeful availment" standard. *Schwarzennegger [v. Fred Martin Motor Co.*, 374 F.3d 797] at 802 ("We often use the phrase 'purposeful availment' in shorthand fashion, to include both purposeful availment and purposeful direction, but availment and direction are, in fact, two distinct concepts. A purposeful availment analysis is most often used in suits sounding in contract.") (internal citation omitted); *see also McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 817 (9th Cir. 1988) (distinguishing purposeful direction precedents where "personal jurisdiction is sought on a contract claim, not on a tort claim"). To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." (internal quotation marks and citation omitted). Our evaluation of the jurisdictional significance of a defendant's contract or other business in the forum is not rigid and formalistic, but rather practical and pragmatic. *Burger King Corp.*, 471 U.S. at 478 ("[W]e have emphasized the need for a highly realistic approach that recognizes that contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.") (internal quotation marks and citation omitted); *Lake,* 814 F.2d at 1421 ("The first step of the specific jurisdiction analysis involves a *qualitative* evaluation of the defendant's contact with the forum state.") (emphasis added). In doing so, we are guided by the Supreme Court's admonition that the formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction. *Burger King Corp.*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.") (emphasis in original); *see also McGlinchy*, 845 F.2d at 816 n.9 (same).

This Court finds that Defendants did not purposefully direct their activities or consummate a transaction with Nevada or a resident of Nevada, or perform some act by which they purposefully availed themselves of the privilege of conducting activities in this forum such as to invoke the benefits and protections of its laws.  Telephonic discussions, by themselves, particularly when they were not initiated by the Defendants, are insufficient to meet this test.  Requiring Defendants to present themselves to defend this case here is not reasonable, fair or just.

1         There is no question that this Court does not have general jurisdiction over the Defendants. For the foregoing reasons, this Court finds that it has no specific or personal jurisdiction over the Defendants and will dismiss this case for lack of jurisdiction.

        **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim, Lack of Personal Jurisdiction (#12) and this case is dismissed in the manner and for the reasons stated above.

        Dated: July 21, 2010.

        */s/ Roger L. Hunt*
        Roger L. Hunt
        Chief United States District Judge